```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


JAMES HOLLOMAN MAXWELL,           §
                                  §
     Plaintiff,                   §
                                  §
v.                                §   CIVIL ACTION NO. H-12-534
                                  §
US BANK NATIONAL ASSOCIATION,     §
AS TRUSTEE FOR JP MORGAN MORTGAGE §
ACQUISITION TRUST 2006-HE3 ASSET  §
BACKED PASS-THROUGH CERTIFICATES  §
SERIES 2006-HE3, MORTGAGE         §
REGISTRATION SYSTEMS, INC.,       §
                                  §
     Defendants,                  §
```

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Defendants' Motion to Dismiss (Doc. 14). The court has considered the motion, the response and reply, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that the motion be **GRANTED**.

## I. Case Background

This action is Plaintiff's third lawsuit related to the foreclosure of the loan secured by his real property.

### A. First Lawsuit

On December 2, 2009, Plaintiff, acting pro se, filed a prior lawsuit ("2009 lawsuit") in the 133rd Judicial District Court of

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Doc. 11.

Harris County, which was then removed to this court.[2] Plaintiff sought "to recover damages for a wrongful, nonjudicial foreclosure on the grounds that [Plaintiff's] loan was in violation of certain disclosure requirements of the Consumer Credit Protection Act, Title I, Truth in Lending Act ('TILA'), Section 129(a)(1)(A) and (B) and (a)(2)(A), 15 U.S.C. 1639(a)."[3]

In the 2009 lawsuit, Plaintiff complained that the defendants, Chase Home Finance LLC, Does 1-50, and U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-HE3, Asset Backed Pass-Through Certificates, Series 2006-HE3[4] ("U.S. Bank"), violated the disclosure provisions of TILA, employed deceptive and predatory lending practices, did not provide a promissory note to accompany the security deed, did not have standing to foreclose, and illegally obtained and transferred the security deed without proper notice to Plaintiff.[5] Additionally, Plaintiff alleged that Mortgage Electronic Registration Systems, Inc., ("MERS"), which the defendants allegedly "used" to foreclose, had no standing to do so.[6] Plaintiff sought an injunction against

---

[2] See Doc. 1-1, Original Pet. in Maxwell v. Chase Home Fin. LLC, Civil Action No. H-09-4038 (S.D. Tex. Dec. 18, 2009).

[3] Maxwell v. Chase Home Fin. LLC, Civil Action No. H-09-4038, 2011 WL 181345, at *1 (S.D. Tex. Jan. 19, 2011)(unpublished).

[4] In the original petition in the 2009 lawsuit, Plaintiff misidentified U.S. Bank as "U.S. National Association J.P. Morgan Mortgage." See id. at *1 n.1.

[5] See id. at *1.

[6] See id.

the foreclosure sale, as well as actual and punitive damages.[7]

During the course of litigation, the court in the 2009 lawsuit allowed Plaintiff the opportunity to amend his complaint, but he also attempted additional amendments on other occasions as well.[8] In one of Plaintiff's attempts, he specifically named MERS as a defendant.[9] As to that attempt, the court denied Plaintiff leave to amend.[10] Despite the allegations against MERS in Plaintiff's second amended complaint (treated by the court as the live pleading), the court ruled that MERS had not been named a defendant.[11] The court determined that Plaintiff's TILA claim for damages and, broadly interpreting the complaint, his TILA claim for rescission, were barred by the applicable statutes of limitations and dismissed the action.[12]

## B.   Second Lawsuit

Exactly nine months before the 2009 lawsuit concluded,

---

[7] See id.

[8] See id. at *6.

[9] See Doc. 37, 3rd Am. Compl. in Maxwell v. Chase Home Fin. LLC, Civil Action No. H-09-4038 (S.D. Tex. Sept. 9, 2010).

[10] See Maxwell v. Chase Home Fin. LLC, Civil Action No. H-09-4038, 2011 WL 181345, at *6 (S.D. Tex. Jan. 19, 2011)(unpublished).

[11] See id. at *4; Doc. 21, 2nd Am. Compl. in Maxwell v. Chase Home Fin. LLC, Civil Action No. H-09-4038 (S.D. Tex. Apr. 30, 2010).

[12] See Maxwell v. Chase Home Fin. LLC, Civil Action No. H-09-4038, 2011 WL 181345, at *5 (S.D. Tex. Jan. 19, 2011)(unpublished).

3

Plaintiff commenced another federal action ("the 2010 lawsuit").[13] Again, Plaintiff represented himself.[14] Plaintiff's first amended complaint in the 2010 lawsuit accused the defendants, eight individuals, of attempting to illegally foreclose on his property.[15] According to Defendant U.S. Bank, one of the named defendants was its attorney of record.[16] Although the pleading did not specifically identify the role of each individual defendant, the statement of parties affiliated each defendant with one of the following companies: J.P. Morgan Chase Bank, N.A.; Litton Loan Servicing; Southern Title Insurance Corporation; Planet Financial Group LLC; MERS; Barrett Daffin Frappier Turner & Engel LLP; Quilling, Selander, Cummiskey & Lownds; and Wells Fargo Bank, N.A.[17]

The six numbered paragraphs in the first amended complaint's statement of facts repeated verbatim the entirety of counts two through five and part of count one from the 2009 lawsuit's second amended complaint, which was the pleading on which the court

---

[13] See Doc. 1, Original Compl. in Maxwell v. Schneider, Civil Action No. H-10-1101(S.D. Tex. Apr. 5, 2010).

[14] See id.

[15] See Doc. 3, 1st Am. Compl. in Maxwell v. Schneider, Civil Action No. H-10-1101 (S.D. Tex. Apr. 19, 2010), pp. 2-3; Doc. 68, Mem. & Recommendation in Maxwell v. Schneider, Civil Action No. H-10-1101 (S.D. Tex. Feb. 11, 2011), pp. 1-2.

[16] See Doc. 14, Defs.' Mot. to Dismiss, p. 5.

[17] See Doc. 3, 1st Am. Compl. in Maxwell v. Schneider, Civil Action No. H-10-1101 (S.D. Tex. Apr. 19, 2010), pp. 2-3.

4

ultimately based dismissal of the 2009 lawsuit.[18]  Of particular note in the 2010 lawsuit were are Plaintiff's reiterated allegations that the defendants did not provide a promissory note to accompany the security deed, did not have standing to foreclose, illegally obtained and transferred the security deed without proper notice to Plaintiff, and utilized MERS "as a nominee to foreclose on Plaintiff's real property."[19]  Plaintiff also reasserted the claim that MERS had no standing or right to bring a foreclosure action.[20]

The causes of action enumerated in the first amended complaint of the 2010 lawsuit (treated by the court as the live pleading) alleged breach of contract, "[i]nvoluntary [f]raudulent [c]onversion," tortious interference, conspiracy, civil rights and constitutional violations, violations of the Racketeer and Corrupt Practices Act and the Fair Debt Collection Practices Act, and criminal actions, among a variety of other wrongdoings.[21]  Plaintiff requested injunctive relief "due to the continuing abuse, actions and violation of substantial rights caused by the Defendants" and

---

[18]     Compare id. at pp. 3-4 with Doc. 21, 2nd Am. Compl. in Maxwell v. Chase Home Fin. LLC, Civil Action No. H-09-4038 (S.D. Tex. Apr. 30, 2010); pp. 2-3.

[19]     Doc. 3, 1st Am. Compl. in Maxwell v. Schneider, Civil Action No. H-10-1101 (S.D. Tex. Apr. 19, 2010), pp. 3-4.

[20]     See id. at p. 4.

[21]     Id. at pp. 5-8.

millions of dollars in actual and punitive damages.[22]

In the 2010 lawsuit, the court granted one of the defendant's motions to dismiss and six other defendants' motions for more definite statement.[23] However, Plaintiff violated the court's order by failing to amend his complaint and, ultimately, stopped communicating with the court entirely.[24] The remaining defendants filed motions to dismiss.[25] Plaintiff did not respond, and the court dismissed the claims against those six defendants, as well as those against the only remaining defendant, for failure to comply with a court order and failure to prosecute the case.[26]

## C. Current Lawsuit

After retaining an attorney, Plaintiff filed the pending lawsuit ("the 2012 lawsuit") in state court on February 14, 2012, nearly a year after the dismissal of the 2010 lawsuit.[27] The named defendants, U.S. Bank and MERS, quickly removed the action to this court.[28] Plaintiff amended his pleading, without leave of court,

---

[22] Id. at pp. 8-9.

[23] See Doc. 68, Mem. & Recommendation in Maxwell v. Schneider, Civil Action No. H-10-1101 (S.D. Tex. Feb. 11, 2011), pp. 3-4.

[24] See id. at p. 4.

[25] See id.

[26] See id. at p. 5; Doc. 69, Order in Maxwell v. Schneider, Civil Action No. H-10-1101 (S.D. Tex. Mar. 2, 2011).

[27] See Doc. 1-4, Ex. A2 to Notice of Removal, Original Pet. & Appl. for TRO.

[28] See Doc. 1, Notice of Removal.

on May 16, 2012.[29]  Although he included additional facts, he made no substantive changes to the claims asserted or to the underlying factual basis.[30]

According to the amended complaint, the gist of the 2012 lawsuit is that "Defendants wrongfully conducted a foreclosure sale on the Subject Property and as of the date of this filing are attempting to evict Plaintiff from his home despite knowledge of the issues regarding the wrongful foreclosure."[31]  Of all the complaints and amended complaints filed in the three lawsuits, the complaint currently before the court contained the most factual information, albeit very little and without detail.  Plaintiff claimed that he entered a mortgage agreement with Fieldstone Mortgage Company in July 2006, and began missing payments in late 2010.[32]  According to the pleading, MERS was named as nominee for the lender and as beneficiary under the security instrument.[33]

Plaintiff alleged that Defendants "cannot show proper receipt, possession, transfer, negotiation, assignment and/or ownership of" the original note and deed of trust, resulting in "an imperfect

---

[29]   See Doc. 12, 1st Am. Pet. ("1st Am. Compl.").

[30]   Compare Doc. 1-4, Ex. A2 to Notice of Removal, Original Pet. & Appl. for TRO with Doc. 12, 1st Am. Compl.

[31]   Doc. 12, 1st Am. Compl., p. 4.

[32]   Id. at p. 3.

[33]   Id.

security interest" and a fraudulent foreclosure.[34]  Plaintiff challenged Defendants' ability to show that they are in possession of the note or proper endorsements/allonges which would allow them the "power to conduct an honest foreclosure."[35]

Plaintiff "request[ed] injunctive relief thereby stopping the pending foreclosure."[36]  Additionally, "Plaintiff encourage[d] this Court to enjoin each of the [sic] Defendant [U.S. Bank] and their agents from evicting Plaintiff."[37]  Plaintiff also sought declarations that Defendants did not have the right to foreclose on his property, "that no party has the lawful right to foreclose," "that the Note has been discharged and paid in full, and that the Note and security instrument contained in the Deed of [T]rust have been separated or bifurcated, thereby nullifying any previous security interests in the Subject Property."[38]  Additionally, Plaintiff asked the court to declare that the assignment of the note after the original lender filed bankruptcy was "null and void" and to enter "judgment rescinding the Loan and Security Agreement

---

[34]   Id. at p. 4.

[35]   Id.

[36]   Id. at p. 8.  The complaint language vacillates between indicating that the foreclosure had already occurred and had not yet occurred. Compare id. (referring to a "pending foreclosure") with id. at p. 4 (referring to a "wrongfully conducted . . . foreclosure sale").

[37]   Id. at p. 9.

[38]   Id. at p. 10.

8

and setting forth terms of restitution."[39]

The causes of action pled were "trespass to try title and to remove cloud on title and quiet title," breach of contract, tortious interference with existing contract, Texas Deceptive Trade Practices Act violations, statutory fraud/fraud in real estate, and violations of the Fair Debt Collection Practices Act.[40] In addition to injunctive and declaratory relief, Plaintiff sought compensatory, special, general, treble, and punitive damages.[41]

Defendants filed a motion to dismiss Plaintiff's original pleading,[42] and, after Plaintiff amended, Defendants filed the pending motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), asserting that this federal action is barred under the principles of res judicata.[43] Briefing was completed in late August,[44] and the motion is ripe for the court's consideration.

## II. Dismissal Standard

Pursuant to Rule 12(b)(6), dismissal of an action is

---

[39] Id. at pp. 10, 13.

[40] Id. at pp. 10-12 (upper case wording modified to lower case).

[41] See id. at pp. 12-13.

[42] See Doc. 4, Mot. to Dismiss. Defendants agreed the first motion was moot after they filed the motion to dismiss Plaintiff's amended complaint. See Court-only Docket Entry Dated July 25, 2012.

[43] See Doc. 14, Mot. to Dismiss.

[44] See Doc. 18, Resp. to Mot. to Dismiss; Doc. 20, Reply in Supp. of Mot. to Dismiss.

appropriate whenever the complaint, on its face, fails to state a claim upon which relief can be granted.  When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts.  Sullivan v. Leor Energy, LLC, 600 F.3d 542, 546 (5th Cir. 2010).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555.  In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678.

Rule 12(b)(6) provides a basis for evaluating a motion to dismiss when the pleadings themselves, in combination with information of which the court may take judicial notice,[45] indicate

---

[45]    In this case, the court takes judicial notice of its own records, to wit, the documents filed in the 2009 lawsuit and the 2010 lawsuit.

that the action is barred by res judicata.  See Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011)(allowing the use of judicial notice in ruling on Rule 12(b)(6) motions); Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007)(stating that it is appropriate for a court "to take judicial notice of matters of public record"); Dean v. Miss. Bd. of Bar Admissions, 394 F. App'x 172 (5th Cir. 2010)(unpublished)(citing Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Tex., 20 F.3d 1362, 1366 (5th Cir. 1994))(explaining that dismissal under Rule 12 on res judicata grounds is allowed when all of the elements of the defense are apparent on the face of the pleadings); but see Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 570 n.2 (5th Cir. 2005)(stating that, as an affirmative defense, a res judicata challenge generally cannot be brought in a motion to dismiss).  When a federal court has entered a judgment based on federal question jurisdiction, uniform federal rules of res judicata apply to determine the preclusive effect of the previous federal-court judgments.[46]  Taylor v. Sturgell, 553 U.S. 880, 891 (2008).

### III. Analysis

Defendant argues that this action is Plaintiff's third attempt to litigate the same claims and, therefore, res judicata precludes his lawsuit.

---

[46]     Plaintiff cites Texas law on the preclusive effect of the prior judgments.  However, federal common law applies in this case because, in both of the prior proceedings, Plaintiff alleged violations of federal law supporting federal question jurisdiction.

**A.  Res Judicata**

Ensuring the finality of judicial decisions, the doctrine of res judicata holds that a judgment rendered by a court of competent jurisdiction bars a plaintiff from seeking further relief on the same claims.  Brown v. Felsen, 442 U.S. 127, 131 (1979)(superseded on other grounds by the Bankruptcy Code); Medina v. Immigration & Naturalization Serv., 993 F.2d 499, 503 (5th Cir. 1993).  A plaintiff is prevented from bringing a second suit based on the same set of facts, even if he asserts new grounds for recovery.  Brown, 442 U.S. at 131.  This bar prevents relitigation of "all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication . . . not merely those that were adjudicated."  Uithoven v. U.S. Army Corps of Eng'rs, 884 F.2d 844, 847 (5th Cir. 1989)(quoting Nilsen v. City of Moss Point, Miss., 701 F.2d 556, 560 (5th Cir. 1983)).

Whether res judicata applies is a question of law.  Test Masters Educ. Servs., Inc., 428 F.3d at 571.  Res judicata precludes a later action when: 1) "the parties are identical or in privity;" 2) a court of competent jurisdiction rendered the judgment in the prior suit; 3) the prior court issued final judgment on the merits; and 4) "the same claim or cause of action was involved in both actions."  Id.

Plaintiff contends that Defendants were not parties to the

12

prior lawsuits[47] and "could not have even been named parties because Plaintiff at the time of the previous suits had no connection with the currently named Defendants" and, further, that the claims in this suit arose out of post-foreclosure actions whereas the first two addressed pre-foreclosure actions.[48]  The court completely disagrees on both points.

To begin with, Plaintiff was a party in both prior suits, and Defendant U.S. Bank is the exact party named in the 2009 lawsuit as one of the defendants.  Although Plaintiff did not identify MERS as a defendant in either the 2009 or 2010 lawsuit, he alleged in both actions that MERS, as nominee under the deed of trust, foreclosed on his property without having standing to do so.  Plaintiff's assertion that he had no connection with these Defendants is plainly false.

However, because MERS was not a named defendant in either of the previous two lawsuits, the court must consider whether the claims against it should be precluded.  The general rule against nonparty preclusion has exceptions.  Taylor, 553 U.S. at 893.  In Taylor, the United States Supreme Court organized the exceptions into six categories, noting that the list was "meant only to provide a framework for [the] consideration of virtual

---

[47]   Doc. 18, Pl.'s Resp. to Defs.' Mot. to Dismiss, p. 1 ("Defendants in the currently named suit were never parties to or included in the previous suits . . . ."), p. 3 ("[T]he parties to this suit are completely different than the parties to the first two suits.").

[48]   Doc. 18, Pl.'s Resp. to Defs.' Mot. to Dismiss, pp. 1-2.

13

representation, not to establish a definitive taxonomy." Id. at 893 & n.6. One exception is "a variety of pre-existing substantive legal relationships between the person to be bound and a party to the judgment." Taylor, 553 U.S. at 894 (quoting D. Shapiro, Civil Procedure: Preclusion in Civil Actions 78 (2001))(internal alteration and quotation marks omitted). Legal relationships such as "preceding and succeeding owners of property, bailee and bailor, and assignee and assignor" justify preclusion. Id.

According to the Notice of Substitute Trustee Sale, which was among the documents of the 2009 lawsuit that Plaintiff filed in state court prior to removal, the "Original Mortgagee" on the loan at issue was Defendant MERS as nominee, and the "Current Mortgagee" was Defendant U.S. Bank.[49] The court finds this sufficient evidence of a legal relationship justifying an exception to the rule against nonparty preclusion.[50] Thus, the court finds Defendant MERS to be a privy of Defendant U.S. Bank, which was a named party in the 2009 lawsuit.[51]

The next two elements of res judicata are clearly met in

---

[49] Doc. 1-1, Attach. to Notice of Removal in Maxwell v. Chase Home Fin. LLC, Civil Action No. H-09-4038 (S.D. Tex. Dec. 18, 2009).

[50] Plaintiff's live pleading identifies Defendant U.S. Bank as trustee for the mortgage trust and Defendant MERS both as nominee for the lender under the deed of trust and as beneficiary under the security instrument. Doc. 12, 1st Am. Compl., pp. 1, 2, 3, 9. He also references the "passing of any interest to MERS as a 'nominee'" as invalid. Id. at p. 10.

[51] In light of the court's other findings with regard to res judicata, the court need not consider whether there was identity or privity of defendants named in the 2010 lawsuit and the present one.

reference to both the 2009 and 2010 lawsuits. There is no doubt that this court had jurisdiction over both prior lawsuits as they both presented federal questions and all parties were within the court's reach. The 2009 lawsuit was dismissed as barred by the applicable statutes of limitations, and the 2010 lawsuit was dismissed for failure to comply with court orders and failure to prosecute, both judgments on the merits. See Fed. R. Civ. P. 41(b)("Unless the dismissal order states otherwise, a dismissal . . . operates as an adjudication upon the merits.").

The court determines whether the fourth element of res judicata is met by applying the transactional test, which focuses on whether the two cases under consideration are based on "the same nucleus of operative facts." United States v. Davenport, 484 F.3d 321, 326 (5th Cir. 2007); Test Masters Educ. Servs., Inc., 428 F.3d at 571. "The nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, defines the claim." Davenport, 484 F.3d at 326. "If the cases are based on the same nucleus of operative facts, the prior judgment's preclusive effect extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." Id. (quoting Petro-Hunt, L.L.C. v. United States, 365 F.3d 385, 395-96 (5th Cir. 2004))(internal quotation marks omitted).

> Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. What grouping of facts constitutes a "transaction" or a "series of transactions" must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Test Masters Educ. Servs., Inc., 428 F.3d at 571 (citing Petro-Hunt, L.L.C., 365 F.3d at 395-96)(internal citations omitted).

Plaintiff's argument that this lawsuit concerns "post-foreclosure actions" whereas the first two concerned "pre-foreclosure actions" is a fanciful distinction that is meaningless under the transactional test as applied to this case. Plaintiff contends that this lawsuit alleges "completely different causes of action based upon completely separate wrongful actions of Defendants."[52]

The court cannot be distracted by the identified causes of action but must remain focused on whether the lawsuits are based on the same facts. See Test Masters Educ. Servs., Inc., 428 F.3d at 571. Plaintiff's current pleading alleges the improper "receipt, possession, transfer, negotiation, assignment and/or ownership of" the original note and deed of trust resulting in an improper

---

[52] Doc. 18, Pl.'s Resp. to Defs.' Mot. to Dismiss, pp. 2-3.

foreclosure.[53] This claim echoes the very complaint raised in both of the earlier lawsuits. Despite alleging an array of causes of action in the three legal actions, Plaintiff has steadfastly challenged Defendants and others' rights to foreclose on his mortgage and sell his real property. Even the alleged eviction attempt, mentioned in the current pleading, is part of the same series of transactions previously addressed.[54] The underlying facts are the same, and there are no separate wrongful actions.[55]

All four elements of res judicata are met with regard to the 2009 lawsuit. Therefore, Plaintiff's current action should be dismissed.

## IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days

---

[53] Doc. 12, 1st Am. Compl., p. 4. In his response, Plaintiff states, "The crux of plaintiff['s] claim is that none of the defendants can show a proper chain of title to establish a right to foreclose under the Texas Property Code as mortgagee or mortgage servicer." Doc. 18, Pl.'s Resp. to Defs.' Mot. to Dismiss, p. 9.

[54] Defendants point out that the foreclosure sale occurred on April 6, 2010, prior to the filing of the Second Amended Complaint in the 2009 lawsuit and prior to the filing of the First Amended Complaint in the 2010 lawsuit. See Doc. 20, Defs.' Reply in Supp. of Their Mot. to Dismiss, pp. 2-3; Doc. 21, 2nd Am. Compl. in Maxwell v. Chase Home Fin. LLC, Civil Action No. H-09-4038 (S.D. Tex. Apr. 30, 2010); Doc. 3, 1st Am. Compl. in Maxwell v. Schneider, Civil Action No. H-10-1101 (S.D. Tex. Apr. 19, 2010).

[55] The court notes that Plaintiff does not allege any wrongdoing in the attempted eviction, just that it is based on an improper foreclosure.

from the receipt thereof to file written objections thereto pursuant to Rule 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 4th day of January, 2013.

_____
Nancy K. Johnson
United States Magistrate Judge